JOHN DOUGAL et al., Respondents, v COUNTY OF SUFFOLK et al., Appellants.

Second Department, July 9, 1984

**APPEARANCES OF COUNSEL**

*Martin Bradley Ashare, County Attorney* (*Marion T. McNulty* of counsel), for County of Suffolk and others, appellants, and *Guy Germano, Town Attorney* (*Lawrence Donohue* of counsel), for Town of Islip and others, appellants. (One brief filed.)

*Gerald B. Lefcourt, P. C.* (*Joshua L. Dratel* of counsel), for respondents.

*Frederick A. O. Schwarz, Jr., Corporation Counsel* (*Ronald E. Sternberg* and *Dody Schorr* of counsel), for the City of New York, *amicus curiae.*

**OPINION OF THE COURT**

TITONE, J.

Plaintiffs are merchants who own and operate certain retail establishments in Suffolk County. They brought this action to declare Local Law No. 42-1981 of the County of Suffolk and Local Law No. 4 of the Town of Islip (1981), both of which forbid the sale of certain merchandise characterized as drug paraphernalia, unconstitutional and unenforceable, claiming that State legislation is preemptive and that the local ordinances are void for vagueness and violate their rights of free speech, due process, and equal protection.

We initially directed the issuance of a preliminary injunction and a trial of the factual issues raised in the complaint (*Dougal v County of Suffolk,* 87 AD2d 897). This appeal is taken from a judgment which declared the local ordinances to be preempted by State legislation. We affirm and do not reach any of the other issues.

The applicable principles are straightforward. Municipalities have broad powers to enact local legislation concerning the health, safety, welfare and morals of its residents (NY Const, art IX, § 2; Municipal Home Rule Law, § 10, subd 1; see, generally, Comment, Home Rule: A Fresh Start, 14 Buffalo L Rev 484; Comment, Home Rule and the New York Constitution, 66 Col L Rev 1145). One of the few limitations is the preclusion against the adoption of local laws which are preempted by State legislation (see, e.g., *People v Cook,* 34 NY2d 100, 105-106; *Wholesale Laundry Bd. of Trade v City of New York,* 18 AD2d 968, affd 12 NY2d 998 on opn at 17 AD2d 327).

Nonetheless, the mere fact that a local law touches upon the same matters as State legislation does not, in and of itself, render it invalid on preemption grounds (*People v New York Trap Rock Corp.,* 57 NY2d 371, 378; *People v Judiz,* 38 NY2d 529, 531-532; *Matter of Albert Simon, Inc. v Myerson,* 36 NY2d 300, 303-304; *Myerson v Lentini Bros. Moving & Stor. Co.,* 33 NY2d 250, 255). It is only where the State has evinced an intention to occupy the entire field, marked by a pervasive scheme of State legislation, or where the local enactment expressly conflicts with the State legislation, that the local legislation must yield (see *Consolidated Edison Co. v Town of Red Hook,* 60 NY2d 99; *People v De Jesus,* 54 NY2d 465, 469; *Matter of Marcus v Baron,* 57 NY2d 862, revg on dissent 84 AD2d 118, 134-139; *Robin v Incorporated Vil. of Hempstead,* 30 NY2d 347; *Matter of Ames v Smoot,* 98 AD2d 216, 218).

An intent to preempt need not be expressly declared; preemption may be implied from the nature of the subject matter being regulated and the purpose and scope of the State statutory scheme (*Consolidated Edison Co. v Town of Red Hook, supra; People v De Jesus, supra*). As we have recently observed, "[w]here a State law indicates a purpose to occupy an entire field of regulation, local regulations are

pre-empted regardless of whether their terms conflict with provisions of the State statute or only duplicate them" (*Matter of Ames v Smoot, supra,* p 218).

Measured by these criteria, we are compelled to conclude that the State Legislature "has enacted a comprehensive and detailed regulatory scheme" in the field of "drug-related paraphernalia" and, therefore, local legislation on the subject has been preempted (*Consolidated Edison Co. v Town of Red Hook,* 60 NY2d 99, 105, *supra*).

The Legislature has effected a total ban on the sale of "drug-related paraphernalia" (General Business Law, §§ 850-853), prescribing criminal penalties for the possession or sale of certain denominated items (Penal Law, §§ 220.45, 220.50) and civil penalties for selling or offering to sell items explicitly defined as "drug-related paraphernalia" (General Business Law, §§ 850-853). In addition, the Legislature has provided for the forfeiture of "drug-related paraphernalia" (General Business Law, § 852, subd 2; Public Health Law, § 3387, subd 3), for retail license revocation of violators (General Business Law, § 852, subd 1), for the commencement of injunctive actions by local officials against such violators (General Business Law, § 853) and for the destruction of specified items seized (Public Health Law, § 3381-a). The legislation includes each of the factors identified by the Court of Appeals as indicative of a preemptive intent (see *People v De Jesus,* 54 NY2d 465, 469, *supra*).

Thus, there is no room for local ordinances to operate. Instead, the State statutes give localities detailed instructions concerning the procedures to be employed in implementing the ban on "drug-related paraphernalia" (General Business Law, § 852, subds 1, 2; § 853). In fact, the General Business Law explicitly directs the method of disposition of "drug-related paraphernalia" in Suffolk County: "[I]n the count[y] of * * * Suffolk, the same shall be surrendered and forfeited to the commissioner of the county police department" (General Business Law, § 852, subd 2).

At the time of the enactment of article 39 of the General Business Law, which forms the core of the regulatory scheme, the State Legislature was well aware of the existence of local ordinances on the subject and, in declaring "it

the policy of the state to prohibit the sale of drug parapher-nalia" (L 1980, ch 811, § 1), evinced an intent to make that article the sole remedy (*Hoetzer v County of Erie,* 497 F Supp 1207; see *Robin v Incorporated Vil. of Hempstead,* 30 NY2d 347, 352, *supra;* cf. 1980 Opns St Comp No. 80-215, p 60 [no preemption prior to enactment of article 39 of the General Business Law "as there is no extensive legislation regulating possession and sale of drug paraphanalia"]). Having opted for a State-wide approach to combat the drug paraphernalia industry (see Note, Drug Paraphernalia Legislation: Up in Smoke?, 10 Hofstra L Rev 239), we must conclude that the State objective of totally banning "drug-related paraphernalia" carries with it a preemption against local legislation (*Hoetzer v County of Erie, supra; Trippell v City of Imperial Beach,* Superior Ct of Cal, San Diego County, No. 494116).

The cases cited by the defendants are, for the most part, readily distinguishable as they concern local laws that served different purposes or State laws that were extremely limited in scope. The ordinances at issue here, however, impede implementation of State policy because their different standards, definitions and penalties would lead to confused and inconsistent enforcement (cf. *Matter of Marcus v Baron,* 57 NY2d 862, *supra*).

To the extent that *Brache v County of Westchester* (507 F Supp 566, revd on other grounds 658 F2d 47, cert den 455 US 1005) and *Gless v City of New York* (121 Misc 2d 1030) are to the contrary, we find them unpersuasive and decline to follow them. The *Brache* court's treatment of preemption was cursory, supported by no authority, and not discussed by the Second Circuit in its opinion reversing the District Court; *Gless* essentially relied on *Brache* and failed to give sufficient consideration to the factors we have identified in this opinion.

For these reasons, the judgment should be affirmed, with one bill of costs.

MOLLEN, P. J., LAZER and THOMPSON, JJ., concur.

Judgment of the Supreme Court, Suffolk County, dated January 11, 1983, affirmed, with one bill of costs.