OPINION OF THE COURT
Vincent E. Balletta, Jr., J.
This is a declaratory judgment action in which the plaintiff, a manufacturer and distributor of a certain cesspool cleaning product known as “Drainz”, seeks a judgment declaring that Local Law 12-1980, enacted by the Legislature of the County of Suffolk, is null, void and of no effect, and further declaring that the plaintiff may lawfully sell Drainz in Suffolk County.
The pertinent provisions of said ordinance state:
“Section 1. Legislative Findings. The water resources of Suffolk County occur and are developed in a unique manner. The population of the County is served with notable drinking water obtained solely from groundwater sources. Groundwater is replenished entirely by precipitation. A major portion of this precipitation infiltrates into the soil and eventually recharges the groundwater reservoir. The groundwater reservoir is the only source of water supply at the present time and from an economic standpoint for the forseeable future. Because of the lack of public sewerage facilities; the continuing population growth, the occurence of the water table within relatively shallow depths; the practice of maximizing recharge of storm water, *464 and because of the very slow movements of groundwater, this resource is especially vulnerable to contamination. In the central portion of the island, infiltrator of water through the Glacial formation travels virtually vertically downward into the Magothy formation. This water has a residence time within the aquifers which may be measured in terms of hundreds of years and must serve as the source of drinking water for future generations. Chemical contaminants dissolved in these waters generally will also be transported into the deeper aquifers * * *

“Section 2. Definitions.

“a. The term “cesspool additive” shall mean any organic chemical(s) or compound(s) used for cleaning or unclogging sewer lines or individual sewage disposal systems.
“b. The term ‘person’ shall mean and include any person, firm, partnership, corporation, association, company or organization of any kind.
“c. The term “commissioner” shall mean the Suffolk County Commissioner of the Department of Health Services.
“Section 3. Prohibition of Sale. No person shall sell, exchange, give, dispose of to another, offer or agree to do the same, any organic chemical(s) or compound(s) for the purposes of cleaning or unclogging sewer lines and/or individual sewage disposal systems unless approval is first obtained from the commissioner.
“Section 4. Prior Approval of Cesspool Additives Required. Before any cesspool additive is offered for sale in Suffolk County, approval must first be obtained from the commissioner by submitting scientific data which is considered satisfactory to the commissioner, demonstrating that the organic chemical(s) or compound(s) which is to be sold for the purposes of cleaning or unclogging sewer lines and/or individual sewage disposal systems will not adversely affect the groundwaters.”
Pursuant to this local law, Suffolk County, in June, 1981, banned the sale of Drainz. Thereafter, the plaintiff commenced an action in Federal District Court. The complaint stated five causes of action, and pursuant to subdivision (c) of rule 12 of the Federal Rules of Civil Procedure (in US Code, tit 28, Appendix), the plaintiff moved for summary judgment on the first and second causes of action. The first cause of action alleged that the local law deprived the plaintiff of its civil rights and that it is unconstitutional, and in the second cause of action the plaintiff alleges that it is deprived of its civil rights to sell certain products, and further, that the local law conflicts with and is preempted by ECL article 39. In a decision dated April 6, 1984, *465 Honorable I. Leo Glasser abstained from deciding the plaintiff’s motion pending a resolution in a State court of the preemption issue raised in the second cause of action. Judge Glasser’s decision indicated that it would be more appropriate for a State court to rule on the preemption issue first. Judge Glasser did, however, retain jurisdiction over the case. Thereafter, in conformity with Judge Glasser’s decision, the plaintiff commenced the within action to determine the preemption issue.
Essentially, it is the plaintiff’s contention that Suffolk County was without jurisdiction to enact this local law since it has been preempted from taking jurisdiction by virtue of New York State’s enactment of ECL article 39.
ECL article 39 took effect on September 28, 1980, some two months after the effective date of Local Law 12-1980. In enacting this article, the State Legislature indicated in ECL 39-0101 that: “it is declared to be the public policy of this state to prevent the pollution of water resources in restricted geographical areas through the use of sewage system cleaners and additives by establishing a regulatory program restricting the use of such products.”
ECL 39-0103 defines “Restricted geographical areas” as Nassau and Suffolk Counties.
To implement the provisions of the stated policy contained in ECL 39-0101, ECL 39-0105 was enacted. ECL 39-0105 states:
“Prohibition of sale and use
“1. No person shall distribute, sell, offer or expose for sale in restricted geographical areas any sewage system cleaner or additive containing any restricted chemical material in excess of one part per hundred by weight.
“2. No person shall use, introduce or apply or cause any other person to use, introduce or apply in any sewage system, surface waters, or groundwaters in restricted geographical areas any sewage system cleaner or additive containing any restricted chemical material in excess of one part per hundred.”
What constituted “Restricted chemical material” was specifically enumerated in ECL 39-0103.
On October 23, 1980, the New York State Department of Environmental Conservation wrote the following letter to the petitioner:
“This is to confirm my October 22 telephone conversation with Mr. William Robinson of your office, relating to applicability of Article 39 of the Environmental Conservation Law to your new formulation of Drainz and Super Drainz.
*466 “Article 39 places the basic responsibility, for determining whether sale of a sewage system cleaner or additive is or is not prohibited in Nassau or Suffolk County, on the manufacturer. Based on information you have supplied to this Department, and Nassau County Department of Health analysis of one can of your product, it would appear that your new formulations of Drainz and Super Drainz are not prohibited from sale under Article 39. However, these products have not yet been approved for sale in Suffolk County in accordance with Local Law 12-1980.
“You have indicated that the new formulations will be identified by a ‘sunburst’ symbol on each can. Therefore, barring future Department findings to the contrary, the new formulations of Drainz and Super Drainz may be sold in Nassau County (and in Suffolk County, if and only if approved for sale by that County in the future), if the containers are identified by the ‘sunburst’ symbol. Containers of Drainz and Super Drainz found without the ‘sunburst’ symbol will still automatically be considered prohibited products in both counties.”
In this proceeding, the plaintiff moves for summary judgment based upon its contention that ECL article 39 preempted any local law enacted by Suffolk County. The defendant cross-moves for leave to serve an amended answer and for summary judgment dismissing the complaint.
The authority of Suffolk County, like any municipality, to enact a local law is ultimately based upon the provisions of the New York State Constitution, which provide that: “every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any * * * local law”. (NY Const, art IX, § 2, subd [c], par [ii].)
Traditionally, courts of this State have held that the term “inconsistent” as used in our Constitution is a word of art which: “refers both to cases of express conflict between local and State law such as local prohibition of what State law permits * * * and to situations where statutory law evidences the State’s intent to pre-empt local regulation * * * Where a State law indicates a purpose to occupy an entire field of regulation, local regulations are pre-empted regardless of whether their terms conflict with provisions of the State statute or only duplicate them” (Matter of Ames v Smoot, 98 AD2d 216, 218).
In the instant proceeding, a cursory reading of ECL article 39’s declaration of public policy might cause one to take the position that it has in fact preempted Local Law 12-1980. However, a careful examination of the statute in question indicates *467 otherwise. As stated by the court in Dougal v County of Suffolk (102 AD2d 531, 532): “the mere fact that a local law touches upon the same matters as State legislation does not, in and of itself, render it invalid on preemption grounds * * * It is only where the State has evinced an intention to occupy the entire field, marked by a pervasive scheme of State legislation * * * that the local legislation must yield”.
In the instant case, there is no clear-cut showing that the Legislature intended to occupy the entire field of sewage system cleaners and additives. Indeed, ECL 39-0105 prohibits only the use of certain amounts of restricted chemical material. Nowhere does the legislation touch on any other areas of potential restriction as does the local law in question.
The plaintiff’s reliance on Dougal (supra) and Ames (supra), in support of its position that the State has evidenced an intention to preempt legislation in this area, is misplaced. In Dougal, the court struck down a local law which prohibited the sale of certain merchandise characterized as drug-related paraphernalia. In finding that there had been a preemption, the court found that the Legislature had already effected a total ban on the sale of all drug-related paraphernalia by means of a detailed and comprehensive regulatory scheme. There has been no comprehensive and detailed regulatory scheme adopted by the Legislature with respect to sewage system cleaners and additives.
Similarly, in Ames (supra, p 219) the court found there was a preemption in connection with a local law regulating the use of pesticides where the State statute in question stated: “Jurisdiction in all matters pertaining to the distribution, sale, use and transportation of pesticides, is by this article vested exclusively in the commissioner.” (ECL 33-0303, subd 1.) There is no such exclusive jurisdiction vested in the commissioner under ECL article 39.
In addition to the fact that the statute itself does not evidence any preemption, the rule followed in New York is that the construction given a statute by the agency responsible for its administration will be upheld if not irrational or irresponsible. (Matter of Howard v Wyman, 28 NY2d 434; Matter of John P. v Whalen, 54 NY2d 89.) Here, the New York State Department of Environmental Conservation, in interpreting the applicability of ECL article 39 to chemicals and compounds used in Nassau and Suffolk Counties, defers to the acceptance of the product analysis by the individual county’s Department of Health, and specifically, the compliance requirements set forth in Suffolk County’s Local Law 12-1980.
*468 In the instant case, since there is no explicit preemption contained in the statute, and further, since the administrative agency charged with enforcing the statute has adopted a not unrational interpretation, to wit, that ECL article 39 did not preempt the enactment or continued viability of Suffolk County Local Law 12-1980, this court will not rule otherwise.
Lastly, the plaintiff’s argument that ECL article 15 dealing with water resources, and ECL article 17 dealing with water pollution control, evidence the State’s intent to preempt a municipality’s power to regulate in this area, must also fall. Indeed, while both ECL articles 15 and 17 recite that the power to regulate and control water resources of the State is vested exclusively with the State, these articles contain no clear-cut intent to preempt the field of sewage system cleaners and additives. As indicated in Dougal (supra), the mere fact that a local law such as the one in question touches upon the same area as State legislation, does not evidence an intent on the part of the Legislature to preempt local municipalities. There is nothing to indicate that the Legislature, in recognizing the State’s exclusive right to control its water, ever intended to prohibit a municipality from controlling certain sewage cleaners and additives sold in that municipality’s jurisdiction. In fact, where the State has intended such a result, such as in the area of phosphates, the Legislature has enacted a specific statute where it is recited that the regulation and control of phosphates themselves would be under the exclusive control of New York State. (ECL 35-0101.) Furthermore, ECL 17-1101 specifically provides that ECL article 17 is not meant to prohibit a municipality from exercising its right to suppress or abate any pollution “now or hereafter existing.” (Mobil Oil Corp. v Town of Huntington, 85 Misc 2d 800.)
Accordingly, it is the decision of this court that the plaintiff has failed to meet its burden in establishing that State legislation has preempted the field of sewage system cleaners and additives so as to invalidate Local Law 12-1980 of Suffolk County.
The plaintiff’s motion for summary judgment is denied, and the cross motion by the defendant for summary judgment dismissing the complaint is granted. This decision of course does not affect or determine any of the plaintiff’s claims in the pending Federal court action with respect to any of the other questions raised in that proceeding.