OPINION OF THE COURT
Memorandum.
Judgment and order unanimously reversed, with $10 costs, and petition dismissed.
*329 Landlord commenced a holdover proceeding based on the allegation that tenant violated the "no-pet” clause of her lease. In the court below and upon this appeal, tenant contended that landlord waived this "breach” by not commencing this proceeding in a timely fashion. In opposition, in the court below and on this appeal, landlord claims that the "Pet Law” was preempted by the provisions of the Private Housing Finance Law and the court below concurred.
As a general matter, "Municipalities have broad powers to enact local legislation concerning the health, safety, welfare and morals of its residents (NY Const, art IX, § 2; Municipal Home Rule Law, § 10, subd 1)” (Dougal v County of Suffolk, 102 AD2d 531, 532, affd 65 NY2d 668). "One of the few limitations is the preclusion against the adoption of local laws which are preempted by State legislation.” (Supra, at 532.) It has also been stated that "[nonetheless, the mere fact that a local law touches upon the same matters as State legislation does not, in and of itself, render it invalid on preemption grounds” (supra, at 532; People v New York Trap Rock Corp., 57 NY2d 371, 378). "It is only where the State has evinced an intention to occupy the entire field, marked by a pervasive scheme of State legislation, or where the local enactment expressly conflicts with the State legislation, that the local legislation must yield” (Dougal v County of Suffolk, supra, at 532; see also, Consolidated Edison Co. v Town of Red Hook, 60 NY2d 99; People v De Jesus, 54 NY2d 465, 469). While this may be done by express statutory language (Matter of Ames v Smoot, 98 AD2d 216, 218), or impliedly by a comprehensive statutory scheme (Consolidated Edison Co. v Town of Red Hook, supra, at 105), this has not been done in the present case.
Section 27-2009.1 (b) of the Administrative Code of the City of New York (formerly § D26-10.10) mandates a waiver of a landlord’s rights under the no-pet clause of a lease if the landlord knew about the pet for three months. It was stipulated by the parties below that the landlord knew of the existence of the tenant’s pet for longer than three months. The tenant, therefore, maintained that landlord waived its right to evict her for her alleged violation of her lease.
Section 32 (3) of the Private Housing Finance Law authorizes the Commissioner of Housing to make supplementary rules and regulations to effectuate the provisions of that law. Pursuant to this authority, the Commissioner promulgated 9 *330 NYCRR 1727-3.4 and 1727-5.3 which give the Commissioner the power to regulate the content of all Private Housing Finance Law leases and govern when a landlord may bring eviction proceedings against tenants in violation of such leases.
The above-mentioned 9 NYCRR 1727-5.3 states that a landlord covered under the Private Housing Finance Law need not have the Commissioner’s permission to bring summary eviction proceedings against the tenant in violation of a no-pet clause of her lease. The landlord asserts that this is an indication of legislative intent to preempt the local law here at issue. This section, in and of itself, is not such a comprehensive legislative scheme on the part of the State so as to preempt the local statutory waiver provision. Moreover, 9 NYCRR 1727-5.3 (a) contemplates that "restrictions in relevant laws” shall supplement its provisions. As previously mentioned, State and local legislation on the same subject does not necessarily indicate an intention by the State to preempt similar, supplementary, local laws unless it has manifested an express or implied intent to do so. It is therefore the opinion of this court that the provisions of the Private Housing Finance Law do not expressly or impliedly preempt the "Pet Law” in the Administrative Code of the City of New York. Consequently, the petition must be dismissed.
Kassoff, P. J., Monteleone and Lerner, JJ., concur.