OPINION OF THE COURT
Alfred M. Lama, J.
This is an action by the State of New York for a declaratory judgment pursuant to CPLR 3001 seeking a declaration of the invalidity and unenforceability of defendant Suffolk County’s Local Laws, 1986, No. 37.
Local Law No. 37 is an ordinance which declares the use, sale or possession of "steel jaw leghold traps” to be unlawful within the County of Suffolk. According to section 1, the intent of the law is to protect individuals within the county from these traps and their inherent dangers. The gravamen of *483 the law is found in section 208-2 (a) which states: "No person shall manufacture, sell, offer for sale, possess, import, or set an animal trap of the steel jaw leghold type nor, take or attempt to take within the County of Suffolk any animal by means of a trap of the steel jaw leghold type.”
It will be noted that Local Law No. 37 was passed over the veto of then County Executive Peter F. Cohalan whose veto was based on the doctrine of preemption. His conclusions were, in part, based upon a detailed memorandum opinion of the County Attorney which declared the resolution to be unconstitutional because of preemption. For the reasons hereinafter set forth, this court agrees with the conclusions of the County Attorney and County Executive and grants plaintiff’s motion for summary judgment.
Summary judgment is a drastic remedy which may only be granted when there are no questions of fact to be determined at a trial and the cause of action is "established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party.” (CPLR 3212 [b].) We are here dealing only with a question of law. No facts are in dispute. Local Law No. 37 either flies in the face of preempting State law or is outside the power of the county to enact it for some other reason or, in the alternative, is a valid exercise of home rule. A simple reading of the ordinance together with applicable State law is all that is required to determine the issue before the court. Therefore, summary judgment is an appropriate device for the resolution of this action in the interests of court economy.
CONSTITUTIONAL BACKGROUND
The powers of the Suffolk County Legislature derive from NY Constitution article IX. Without that grant of powers, the County of Suffolk would be entirely governed from the State Legislature in Albany.
Article IX, § 1 (a) states in part, "Every local government shall have power to adopt local laws as provided by this article.” Thus the power of the county legislature is limited to what is granted to it by that article. It cannot go beyond that limitation. Section 2 (c) (ii) states:
"every local government shall have power to adopt and amend local laws not inconsistent with the provisions of this constitution or any general law relating to the following subjects, whether or not they relate to the property, affairs or government of such local government, except to the extent that *484 the [State] legislature shall restrict the adoption of such a local law relating to other than the property, affairs or government of such local government * * *
"(10) The government, protection, order, conduct, safety, health and well-being of persons or property therein.” (Emphasis added.)
The legislative history and intent of Local Law No. 37, as set forth in the affidavit of Sondra Bachety, the legislator who sponsored the legislation, makes it clear that the ordinance was intended to protect persons within the county. Therefore, under article IX, § 2 (c) (ii) (10) the county had the power to enact Local Law No. 37 if the State Legislature did not restrict its adoption.
Hereinafter, the term "general law” will come into play. It, therefore, is appropriate and necessary to determine what is meant by that term. Article IX, § 3 (d) (1) defines that term as it is used in regard to the laws of this State. A "general law” is: "A law which in terms and in effect applies alike to all counties, all counties other than those wholly included within a city, all cities, all towns or all villages.” In other words, a "general law” is one which applies to all municipalities within the State of New York.
PREEMPTION BY THE STATE AND BAR BY STATE LEGISLATURE OF SUCH A LOCAL LAW
There are two reasons why this local law must fall. The first is the constitutional exception in article IX, § 2 (c) (ii) (10). ECL 11-0111 states: "Boards of supervisors of counties and county legislative bodies shall not, except as expressly provided in the Fish and Wildlife Law, exercise powers (other than powers to appropriate money), vested in them by any other law, to provide for the protection, preservation or propagation of fish, game, wildlife, or shellfish within the county, or to prescribe or enforce collection of penalties for the violation thereof.”
Although the express purpose of Local Law No. 37 is for the protection of persons within the county, the ordinance begins with a description of the behavior of animals when caught in a steel jaw leghold trap. Obviously, the true purpose is twofold, one for the protection of people and one for the more humane catching of animals. This latter conclusion is further borne out by the affidavit of Jovanka Starchevich submitted by the defendant County of Suffolk in opposition to plaintiff’s *485 motion and in support of defendant’s cross motion. However, regardless of the purpose, avowed or tacit, Local Law No. 37 clearly regulates the preservation and protection of wildlife which is expressly prohibited by ECL 11-0111 and is, therefore, violative of NY Constitution, article IX, § 2 (c) (ii) (10).
The defendant county places much reliance upon the grant of police powers in Municipal Home Rule Law § 10 (1) (ii) (a) (12). However, as in all constitutional and statutory provisions cited supra, there are stringent limitations placed on the grant of powers. Municipal Home Rule Law § 10 (1) (ii) states, in part, "every local government, as provided in this chapter, shall have power to adopt and amend local laws not inconsistent with the provisions of the constitution or not inconsistent with any general law”. (Emphasis added.) As shown above, Local Law No. 37 clearly is inconsistent with a general law, that being ECL 11-0111. Furthermore, it is inconsistent with another general law, ECL 11-1101 (5) and (6) (a), which permit the use of limited types and sizes of leg traps. As so elegantly put by Mr. Justice Coke centuries ago, "Inclusio unius est exclusio alterius.” (11 Coke 58b.) In other words, the State Legislature has included certain traps as prohibited and thereby has clearly excluded any prohibition against those not listed.
Even if this court were to agree with the defendant that ECL 11-0111 does not prohibit it from passing Local Law No. 37 as an exercise of its police powers to protect persons within the county, we cannot agree that there has not been a preemption that bars the ordinance.
"[W]here the extension of the principle of the State law by means of the local law results in a situation where what would be permissible under the State law becomes a violation of the local law, the latter law is unauthorized * * * Here, that is plainly the case * * *
"Furthermore, it is entirely clear that the State law indicates a purpose to occupy the entire field. And where that is found, local laws are prohibited * * * It can hardly be argued that the State statute does not occupy the field.” (Wholesale Laundry Bd. of Trade v City of New York, 17 AD2d 327, 330 [1st Dept 1962], 12 NY2d 998 [1963].)
The language quoted from the Wholesale Laundry Bd. of Trade case (supra) could well have been written for the case before the court. It has been said by the Appellate Division, Second Department, in a case involving this same defendant: "An intent to pre *486 empt need not be expressly declared; preemption may be implied from the nature of the subject matter being regulated and the purpose and scope of the State statutory scheme * * * As we have recently observed, '[w]here a State law indicates a purpose to occupy an entire field of regulation, local regulations are pre-empted regardless of whether their terms conflict with provisions of the State statute or only duplicate them’ (Dougal v County of Suffolk, 102 AD2d 531, 532-533 [1984], affd 65 NY2d 668 [1985].)
The county relies on its expressed purpose to protect the people of Suffolk County in its claim that there can be no preemption since the Environmental Conservation Law deals only with protection, hunting and trapping of fish and wildlife. This reliance is ill-conceived. Regardless of the county’s laudable motivation, if the ordinance in question is contrary to the State enactment, it must fall. Under the principles set forth above regarding inclusion and exclusion and under the rules set forth in the Wholesale Laundry Bd. of Trade case (supra), the fact that the State has included certain traps of the sort in question and has excluded others makes it clear that the Legislature intended to occupy the field and prevent the local legislative bodies from passing conflicting enactments. Preemption was undoubtedly intended and Suffolk County cannot override the general law regardless of its having expressed a different motive.
DECISION
Since the State Legislature has preempted the field, the county may not pass a regulatory law touching on the same subject. What is more significant is that Local Law No. 37, because it flies in the face of the Environmental Conservation Law, is in violation of the New York State Constitution.
It, therefore, is ordered that the motion of plaintiff for summary judgment pursuant to CPLR 3212 is granted and the cross motion of defendant for summary judgment pursuant to CPLR 3212 is denied, and it is further ordered that the County of Suffolk is permanently enjoined from enforcing Suffolk County Local Law No. 37 due to its invalidity.