■ STATE OF NEW YORK, Respondent, v COUNTY OF SUFFOLK, Appellant.—In an action for a judgment declaring unconstitutional Local Laws, 1986, No. 37 of the County of Suffolk, the

defendant appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Lama, J.), entered June 16, 1988, which (1) granted the plaintiff's motion for summary judgment and denied the defendant's cross motion for summary judgment, and (2) permanently enjoined the defendant from enforcing Local Laws, 1986, No. 37 of the County of Suffolk.

Ordered that the order and judgment is modified by adding thereto a provision declaring that Local Laws, 1986, No. 37 of the County of Suffolk is unconstitutional; as so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

In 1986, the County of Suffolk enacted Local Law No. 37. This local law, which is entitled "Local Law to Amend the Suffolk County Code in Connection with Protection of Animals within Suffolk County Against Steel Jaw Traps", states, *inter alia:*

"(A) No person shall manufacture, sell, offer for sale, possess, import, transport, or set an animal trap of the steel-jaw leghold type nor, take or attempt to take within the County of Suffolk any animal by means of a trap of the steeljaw leghold type.

"(B) The possession of a trapping device referred to in Paragraph A of this section shall be prima facie evidence of a violation of this section." (Local Laws, 1986, No. 37 of County of Suffolk § 208-2 [A], [B].)

However, the State Fish and Wildlife Law (ECL art 11 *et seq.)* expressly provides that "county legislative bodies shall not * * * exercise powers * * * to provide for the protection * * * of * * * wildlife * * * within the county, or to prescribe or enforce collection of penalties for the violation thereof" (ECL 11-0111). In addition, ECL 11-1101 (5) and (6) (a) permit the use of limited types and sizes of leghold traps. Under these circumstances, the Supreme Court correctly held that Local Laws, 1986, No. 37 of the County of Suffolk was unconstitutional as a violation of NY Constitution, article IX, § 2(c)(ii)(10) in that it was (1) preempted by State law and (2) inconsistent with a general State law *(see,* NY Const, art IX, § 2[c][ii][10]; *Jancyn Mfg. Corp. v County of Suffolk,* 71 NY2d 91, 96; *Consolidated Edison Co. v Town of Red Hook,* 60 NY2d 99, 105; *New York State Club Assn. v City of New York,* 69 NY2d 211, *affd* 487 US 1; *Dougal v County of Suffolk,* 102 AD2d 531, *affd* 65 NY2d 668). Mangano, P. J., Thompson, Lawrence and O'Brien, JJ., concur. *[See,* 140 Misc 2d 482.]