Requestor: Frank S. Cook, Esq., Town Attorney Town of Lee P.O. Box 928 Rome, New York 13440-0928
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
This is in response to your request for an Attorney General's opinion as to the authority of a town to enact a local law or ordinance prohibiting the possession and sale of marijuana and controlled substances.
Your letter notes that the Town of Lee is contemplating enacting an ordinance which would prohibit the possession of controlled substances, the sale and possession of marijuana and the possession of hypodermic needles.* It is our understanding that the regulation would only apply to criminal activity which is currently classified as a misdemeanor under the Criminal Procedure Law.**
The town also seeks to include in the local law a forfeiture provision which authorizes the town to "confiscate certain property which is found at the time of the arrest". This confiscated property would then be sold by the town following conviction, similar to the procedures set forth in article 13-A of the CPLR (see CPLR §§ 1310, et seq.; 1311[1][a]).
Towns are authorized to enact regulations promoting the health, safety and general welfare of the community by both the Town Law and the Municipal Home Rule Law. Subdivision 15 of section 130 of the Town Law authorizes the enactment of ordinances in this area, while section10(1)(ii)(a)(12) of the Municipal Home Rule Law authorizes local laws (see also, N Y Const, Art IX, § 2[c]). Although this grant of police power is broad, it is subject to two firm restrictions: (1) the local enactment may not be inconsistent with the Constitution or general State law, and (2) the town may not exercise its police power in areas which have been preempted by the State Legislature (New York State ClubAssociation, Inc. v City of New York, 69 N.Y.2d 211, 217 [1987], affd487 U.S. 1 [1988]; Consolidated Edison Co. v Town of Red Hook,60 N.Y.2d 99, 105 [1983]; Marcus v Baron, 57 N.Y.2d 862 [1982]; Kim vTown of Orangetown, 66 Misc.2d 364, 370 [Sup Ct, Rockland Co, 1971]). With regard to preemption, the Court of Appeals has found as follows:
 "The legislative intent to preempt need not be express. It is enough that the Legislature has impliedly evinced its desire to do so and that desire may be inferred from a declaration of State policy by the Legislature or from the legislative enactment of a comprehensive and detailed regulatory scheme in a particular area" (New York State Club Association, supra, 69 N.Y.2d at 217; see also, People v Cook, 34 N Y 2d 100, 109 [1974]).
In the past, courts have found that State legislation in the areas of minimum wage laws (Wholesale Laundry Board of Trade, Inc. v City of NewYork, 17 A.D.2d 327 [1st Dept, 1962], affd 12 N.Y.2d 998 [1963]); regulation of alcoholic beverages (People v DeJesus, 54 N.Y.2d 465
[1981]); licensing of power plants (Consolidated Edison Company of NewYork, Inc. v Town of Red Hook, 60 N.Y.2d 99 [1983]); and provision of abortion services (People v Robin, 30 N.Y.2d 347 [1972]) have preempted their respective fields, to the exclusion of local regulation. In some instances the legislative intent to preempt was deduced from express statutory language providing for exclusivity, whereas in others it was the nature of the subject matter being regulated and the purpose and scope of the State legislative scheme which demonstrated no tolerance for local regulation.
In our view, regulation of marijuana and other controlled substances has been preempted by State legislation. An examination of the relevant provisions of the Penal and Public Health Laws reveals a comprehensive, detailed scheme for the regulation of, and punishment for, sale and possession of marijuana and other controlled substances. The Public Health Law defines a broad spectrum of controlled substances whose abuse has been determined to be detrimental to society (Public Health Law, §3306). The Penal Law, in turn, makes the sale and possession of both marijuana and controlled substances criminal. The escalating degrees of each category of offense are precisely calculated to punish possession and sale depending on the amounts of contraband involved. For example, criminal sale of a controlled substance in the second degree sets forth the following precise schedule:
 "A person is guilty of criminal sale of a controlled substance in the second degree when he knowingly and unlawfully sells:
 "1. one or more preparations, compounds, mixtures or substances of an aggregate weight of one-half ounce or more containing a narcotic drug; or
 "2. one or more preparations, compounds, mixtures or substances of an aggregate weight of one-half ounce or more containing methamphetamine, its salts, isomers or salts of isomers; or
"3. five grams or more of a stimulant; or
 "4. five milligrams or more of lysergic acid diethylamide; or
 "5. one hundred twenty-five milligrams or more of a hallucinogen; or
 "6. five grams or more of a hallucinogenic substance; or
 "7. three hundred and sixty milligrams or more of methadone.
 "Criminal sale of a controlled substance in the second degree is a class A-II felony" (Penal Law, § 220.41).
In addition to these substantive prohibitions, article 13-A of the Civil Practice Law and Rules provides a detailed procedure by which the State may seize the proceeds and instrumentalities of crimes (CPLR §§ 1310,et seq.).
The broad scope of articles 220 and 221 of the Penal Law, which prohibits any and all possession or sale of marijuana and controlled substances, together with the precise, escalating schedule of degrees of offenses indicates the legislative scheme is intended to be comprehensive and preemptive of any local regulations (Matter of Ames v Smoot, 98 A.D.2d 216,219-220 [2d Dept, 1983]).
Furthermore, both Federal and State courts have found that the State legislation forbidding the sale of drug paraphernalia found in sections 850-853 of the General Business Law constituted a comprehensive and detailed regulatory scheme which preempted the field (Hoetzer v County ofErie, 497 F. Supp. 1207, 1215-1216 [USDC, WDNY, 1980]; Gless v City ofNew York, 107 A.D.2d 607 [1st Dept], affd 65 N.Y.2d 669 [1985]; Dougal vCounty of Suffolk, 102 A.D.2d 531, 533 [2d Dept, 1984], affd 65 N.Y.2d 668
[1985]).
The State prohibitions against sale and possession of marijuana and controlled substances are at least as comprehensive and detailed than those prohibiting drug paraphernalia. Local regulation in this area, although well intended, is not permitted under State law.
We conclude that the Penal Law establishes a comprehensive and detailed regulatory scheme prohibiting the possession and sale of marijuana and controlled substances which preempts the field, leaving the town with no authority to regulate in that area.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
* The Penal Law makes a distinction between marijuana and other controlled substances. Marijuana offenses are governed by article 221 of the Penal Law. Offenses with regard to controlled substances — a term which includes heroin and other narcotics, stimulants, depressants and hallucinogens (see Public Health Law, § 3306) — are found in article 220 of the Penal Law. In general, the penalties for possession and sale of marijuana are less severe than those for controlled substances.
** Only a fraction of controlled substance and marijuana offenses are classified as misdemeanors, most are felonies. Sale of marijuana in the fifth and sixth degrees is classified as a misdemeanor (Penal Law, §221.35, 221.40). All other sales of marijuana are felonies (id., §§ 221.45, 221.50, 221.55). Possession of less than 25 grams of marijuana is a violation, punishable only by fine (id., § 221.05). Possession of marijuana in the fifth and fourth degree is a misdemeanor (id., §§ 221.10, 221.15). All other possession offenses are felonies (id., §§ 221.20, 221.25, 221.30).
With regard to controlled substances, all sales of controlled substances are classified as felonies (id., §§ 220.31-220.44). Possession of a controlled substance in the seventh degree is a misdemeanor (id., § 220.03). All other degrees of criminal possession of a controlled substance are felonies (id., §§ 220.06-220.21). Finally, unlawful possession of a hypodermic syringe is classified as a misdemeanor (id.,
§ 220.45).