■ EDRENA MOSES, Appellant, v FELICE L. MICHETTI, as Commissioner of Housing Preservation and Development of the City of New York, et al., Respondents. [620 NYS2d 55] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about September 9, 1993, which, *inter alia,* denied and dismissed the within CPLR article 78 petition seeking to annul the January 13, 1992 determination of respondent Commissioner of the New York City Department of Housing Preservation and Development granting a certificate of eviction and authorizing respondent Lindsay Park Housing Corp. to proceed with eviction proceedings against petitioner, unanimously affirmed, without costs.

The authority conferred upon respondent Commissioner pursuant to section 1802 (6) (d) of the New York City Charter, and section 32 of the Private Housing Finance Law, is sufficiently broad to encompass the limited pre-eviction review proceedings at issue in this case *(see, Matter of Campagna v Shaffer,* 73 NY2d 237, 242-243; *Starrett City v Jace,* 137 Misc 2d 328, 329-330), and the procedures actually employed provided petitioner with the full panoply of due process rights in this administrative proceeding *(see, Matter of Williams v White Plains Hous. Auth.,* 35 AD2d 965). By stipulation dated November 14, 1990, petitioner waived any objection to the adequacy of either the notice to cure or the notice of petition served by the housing cooperative, which we find, in any event, adequately advised petitioner of the charges. The agency's determination is supported by substantial evidence, and petitioner failed to demonstrate that the continuous flow of unseemly, disorderly and at times, menacing individuals in and out of her apartment at all hours of the day and night was related to or caused by her psychiatric disability. Accordingly, there is no basis for petitioner's claim pursuant to section 504 of the Federal Rehabilitation Act of 1973 (29 USC § 794), that the respondent limited profit housing corporation sought to evict her "solely by reason of her * * * disability". Nor would the mere fact of petitioner's mental illness require respondent Lindsay Park to make any additional "accommo-

dation", in light of the severity and continuing nature of petitioner's nuisance (see, Frank v Park Summit Realty Corp., 175 AD2d 33, mod on other grounds 79 NY2d 789).

We have reviewed petitioner's additional arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach and Asch, JJ.