*332 OPINION OF THE COURT
Per Curiam.
Order dated December 17, 1997 affirmed, with $10 costs.
The tenant’s belated motion to dismiss the nuisance holdover petition, made nearly one year after entry of a final judgment in landlord’s favor, was properly denied. Tenant waived any objection to the adequacy of the landlord’s December 12, 1996 notice of petition or trial proof insofar as they related to the tenant’s Section 8 status (see, 42 USC § 1437 [f]), by stipulating through trial counsel to the procedural elements of the landlord’s prima facie case (see, Moses v Michetti, 210 AD2d 124) and by failing to pursue a direct appeal from the final judgment (see, Hecht v City of New York, 60 NY2d 57, 61; see also, Claridge Gardens v Menotti, 160 AD2d 544, 545). Issues relating to the landlord’s compliance with Section 8 preeviction procedures (see, 24 CFR 982.310 [e] [2]) bear upon the landlord’s prima facie case and are waivable by the tenant, and do not, tenant’s claims notwithstanding, implicate the subject matter jurisdiction of the court (see generally, Jackson v New York City Hous. Auth., 88 Misc 2d 121).
Jennie Realty Co. v Sandberg (125 Misc 2d 28, 29), cited by the tenant, is not to the contrary. In Jennie Realty, this court adopted the argument timely raised by the tenant therein that a landlord must show compliance with Section 8 preeviction requirements in order to “establish its prima facie case” in nonpayment as well as holdover proceedings. Neither Jennie Realty nor any other known precedent supports the tenant’s apparent contention that a Section 8 tenant can actively but unsuccessfully defend an eviction proceeding on the merits, take no steps to pursue a direct appeal from an adverse merits determination and, after a full year’s delay, secure a dismissal of the proceeding by couching in jurisdictional terms a technical argument relating to the sufficiency of the landlord’s stipulated-to prima facie case.
We note finally that tenant does not now challenge the propriety of the court’s discretionary denial of her request for a further stay of the execution of the warrant.