■ NEW YORK STATE SOCIETY OF PROFESSIONAL ENGINEERS, INC., et al., Appellants, v CITY OF NEW YORK et al., Respondents. [911 NYS2d 303]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered August 12, 2009, which granted defendants' motion to dismiss the complaint and denied plaintiff's cross motion for summary judgment, unanimously affirmed, without costs.

Local Law No. 39 (2008) of City of New York § 1 took effect on September 3, 2008, amending section 641 of the New York City Charter to require either the Commissioner of Buildings or the First Deputy Commissioner to be a licensed professional engineer or a registered architect. Previously, the charter required that the Commissioner himself had to be a licensed professional engineer or registered architect. Further, section 642 was amended to authorize the Commissioner to delegate any duties to the First Deputy Commissioner.

This action was brought to declare Local Law 39 unconstitutional on its face on the grounds that it was inconsistent with and preempted by title VIII of the Education Law, which sets forth, specifically in articles 145 and 147, the licensing requirements for professional engineers and registered architects. Plaintiffs suggest that by no longer requiring the Commissioner to be a licensed professional engineer or registered architect, the City Council has thereby permitted that official to engage in the practice of engineering without a license.

This argument is unavailing. For a statute to be declared unconstitutional on its face, a plaintiff must demonstrate that the law is invalid in toto, i.e., that under no circumstances would

this law be valid (*see e.g. City of New York v United States*, 179 F3d 29, 33 [2d Cir 1999], *cert denied* 528 US 1115 [2000]). The express power, by an unlicensed commissioner, to delegate any duties that involve the practice of engineering or architecture to a properly licensed deputy first commissioner, validates Local Law 39.

The local enactment does not permit the Commissioner of Buildings or anyone else to regulate the practice of engineering within New York City or to practice engineering or architecture without a license, in conflict with state law. Furthermore, it cannot be said that the state law has preempted the City of New York from establishing the qualifications for the offices of Commissioner and First Deputy Commissioner of Buildings, as the City is specifically permitted to set and enforce its own building code (Executive Law § 383 [1] [c]; *cf. Dougal v County of Suffolk*, 102 AD2d 531 [1984], *affd* 65 NY2d 668 [1985]). Concur—Gonzalez, P.J., Mazzarelli, Andrias, Nardelli and Richter, JJ.