## FOURTH DEPARTMENT, APRIL, 1974

### (April 4, 1974)

■ AMERICAN TOTALISATOR COMPANY, INC., et al., Appellants-Respondents, v. WESTERN REGIONAL OFF-TRACK BETTING CORPORATION et al., Respondents-Appellants.— Order unanimously reversed, without costs, plaintiffs' complaint and amended complaint dismissed and all subsequent orders vacated. Memorandum: In asserting the second and fifth causes of action against defendant Western Regional Off-Track Betting Corporation (WROTB) the individual plaintiffs claim status as residents of the City of Rochester and County of Erie and taxpayers. WROTB, being a public benefit corporation (Pari-Mutuel Revenue Law, § 172; L. 1973, ch. 346, § 5, as amd.), is not subject to the provisions of section 51 of the General Municipal Law permitting actions by taxpayers against municipalities (see *Matter of New York Post Corp.* v. *Moses*, 10 N Y 2d 199). Plaintiffs Berlove and Licata have no standing therefore to challenge the actions of the directors of WROTB, and the causes of action asserted by them must be dismissed. The corporate plaintiff alleges in its first cause of action that the threatened execution of a contract for computer data processing services by defendant without competitive bidding would violate the requirements of subdivision 1 of section 177 of the Pari-Mutuel Revenue Law. We do not so construe the section. Subdivision 1 of section 177 of the Pari-Mutuel Revenue Law by its terms relates to the letting of certain contracts, specifically mentioning "construction or any other work", and "in the manner provided by law with respect to the letting of such contracts by counties". In construing the effect of the phrase "or

any other work", we look to the decisions under similar legislative language in both the County Law and the General Municipal Law as applied to contracts of the type contemplated here. The language of subdivision 1 of section 408-a of the County Law states: "All contracts for public work" must be subject to competitive bidding "where so required by section one hundred three of the General Municipal Law". Hence the decisions under section 103 of the General Municipal Law would appear to be relevant to an interpretation of comparable language in subdivision 1 of section 177 of the Pari-Mutuel Revenue Law. An extremely high degree of technical and scientific skill and knowledge are necessary for the setting up and the operation of computer data control services for off-track betting and the providing of scientific and technical services has been uniformly held not to fall within the requirement of the competitive bidding statutes. "It would be an unreasonable and mischievous construction of the statute, to apply it to services which require in their proper performance scientific knowledge or professional skill." (*People ex rel. Smith* v. *Flagg*, 17 N. Y. 584, 587.) The principle has been applied to engineering services in preparing plans for expansion of a city sewer system. "The services rendered were of a technical nature and their value depended upon the skill with which the same were performed. In such instances it is not required that efficient services be sacrificed or impeded by the bidding system of municipal contracts." (*Vermeule* v. *City of Corning*, 186 App. Div. 206, 208). Competitive bidding has been held not to be required with respect to architectural design and supervision (*People ex rel. Kiehm* v. *Board of Educ. of City of Utica*, 198 App. Div. 476), purchase of insurance (*Matter of Lynd* v. *Heffernan*, 286 App. Div. 597), advertising and promotion (*Wickham* v. *Trapani*, 41 Misc 2d 749, affd. 26 A D 2d 216) and stadium management services (*Hurd* v. *Erie County*, 34 A D 2d 289). In the general jurisdiction of the New York State Racing and Wagering Board (Pari-Mutuel Revenue Law, § 118, subd. 2; L. 1973, ch. 346, § 4, as amd.) reference is made to the providing of data processing services to regional corporations on a transaction fee basis. The computer services are not described conceptually as either the leasing or purchasing of computers but the providing of computer services which lends substance to the conclusion that we are dealing with an inextricable integration of scientific and technical skills used in conjunction with electronic hardware and software (computers, programming and ancillary equipment) with respect to the computerized off-track betting operation. In accord with the reasoning and the case analysis set out (*Hurd* v. *Erie County, supra*) competitive bidding is not required under section 177 of the Pari-Mutuel Revenue Law given the nature of the computer services involved for an OTB operation. Competitive bidding not being required, then the corporate plaintiff has no greater standing than the public at large with respect to challenging the performance by the State Board and WROTB of their statutory duties. "Petitioners quite obviously have no personal or property rights which could be affected by this proceeding. Their only interest in the case is that which is common to the public as a whole, rather than the individual interest which is requisite for standing in court" (*Matter of United Press Assns.* v. *Valente*, 308 N. Y. 71, 84-85). (See, also, *Gaynor* v. *Rockefeller*, 15 N Y 2d 120.) The corporate plaintiff having no standing to challenge the corporate actions of defendant, the causes of action it asserts must likewise be dismissed. (Appeals from order of Erie Special Term denying motion for preliminary injunction against proposed award of contract.) Present — Marsh, P. J., Moule, Cardamone, Mahoney and Del Vecchio, JJ.