■ In the Matter of DOYLE ALARM COMPANY, INC., Respondent, v EUGENE REVILLE et al., Comprising the Board of Education of the City of Buffalo, et al., Appellants.—Judgment unanimously reversed, without costs, and petition dismissed. Memorandum: Petitioner was low bidder on a contract advertised by respondent board of education to install a security system in several Buffalo schools. It brought this article 78 proceeding to set aside the contract to install the system awarded by the board to Sonitrol, whose bid was higher. Special Term vacated the board's award to Sonitrol and directed it to award the contract to petitioner. The purchase by the board was for services involving skill and expertise and was therefore excepted from the competitive bidding requirements of subdivision 1 of section 103 of the General Municipal Law (see *People ex rel. Smith v Flagg,* 17 NY 584). The specifications called for a "reliable security system and service to monitor foreign noises in selected buildings", alerting school personnel and police to minimize property destruction and loss. To do this the contractor was required to place audio transmitters and detection and receiving equipment in the various school buildings at strategic locations so that the equipment would "pick up" the noises of vandalism directed against the building. These sounds, in turn, were to be transmitted to a central monitoring station serviced by the contractor's trained personnel. The monitors were to determine whether the sounds heard indicated (1) an attack on the building—no entry; (2) glass breakage—no entry, or (3) break and entry in progress. Having made the proper determination, the monitors were then required to notify appropriate personnel of the schools or the police to stop the intrusion or apprehend the culprits. A high degree of skill is required in placing the audio equipment to insure that sounds of intrusion are not masked or, conversely, that the equipment does not transmit normal sounds such as wind upon the windows, expanding heating pipes, etc., in such a way as to make those sounds indistinguishable from attacks upon the building. Furthermore, the monitors are required to exercise skill and care in recognizing various sounds and responding appropriately. The necessity for this expertise is highlighted by the fact that petitioner had previously installed such a system in eight schools in the respondents' school system and had been unable to detect over one third of the intrusions reported, either because the audio equipment was poorly placed or the monitoring was inadequate. Based upon these facts, we determine that the specifications called for services requiring skill and expertise and the contract was one which the board was at liberty to award without competitive bidding (see *American Totalisator Co. v Western Regional Off-Track Betting Corp.,* 44 AD2d 750; *Hurd v Erie County,* 34 AD2d 289). The evidence supporting this determination appears in the original papers before Special Term and we therefore do not pass on its denial of the appellant's motion to renew. We have considered the other points raised in the briefs and find them without merit. (Appeals from judgment of Erie

Supreme Court—art 78.) Present—Moule, J. P., Cardamone, Simons, Schnepp and Witmer, JJ.