■ TRANE COMPANY, Respondent, v COUNTY OF BROOME, Appellant.— Appeal from a judgment of the Supreme Court, entered June 18, 1979 in Broome County, upon a verdict rendered at a Trial Term, without a jury, in favor of plaintiff. In July, 1975, defendant Broome County contacted plaintiff Trane Company concerning the breakdown of a large centrifugal chiller air-conditioning unit installed in the library of the Broome County Community College. The unit had been manufactured by plaintiff and had been installed in the library approximately eight years prior thereto. Eventually, the plaintiff conducted a detailed inspection of the air-conditioning unit and discovered that it was in a serious state of disrepair, being filled with water, rust and corrosion. Plaintiff advised the defendant that major repairs were required and entered into an agreement with the defendant to perform such repairs on a time and material formula basis. Plaintiff completed the work and submitted invoices to the appellant in the amount of $27,868.45. The county comptroller, however, rejected the invoices for failure to conform with the competitive bidding provisions of subdivision 1 of section 103 of the General Municipal Law and section 1202 of the Broome County Charter. Sometime thereafter, the plaintiff commenced an action in which it sought, among other things, to recover the amount due under its contract. The trial court, sitting without a jury, determined that the work involved services requiring skill and expertise and that, therefore, the contract with plaintiff was not subject to competitive bidding. We agree. Generally, a contract which is let in violation of a competitive bidding statute is illegal and void, and a party thereto may not recover payment either for the price agreed

upon or in quasi contract (e.g., *Gerzof v Sweeney,* 22 NY2d 297, 304). Where, however, the services to be performed under the contract involve specialized skills and expertise, the contract is exempt from the competitive bidding mandate *(Matter of Doyle Alarm Co. v Reville,* 65 AD2d 916; *American Totalisator Co. v Western Regional Off-Track Betting Corp.,* 44 AD2d 750; *Hurd v Erie County,* 34 AD2d 289). In the instant case, the record supports the determination of the Trial Justice that the nature and magnitude of the necessary repairs required the special skill and expertise of the plaintiff as the manufacturer of the air-conditioning unit. Since the findings and determination of the trial court are not against the weight of the credible evidence nor contrary to law, they should not be disturbed *(Shipman v Words of Power Missionary Enterprises,* 54 AD2d 1052). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.