■ In the Matter of BURROUGHS CORPORATION, Appellant, v NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Klein, J.), entered December 18, 1981 in Albany County, which denied petitioner's application, in a proceeding pursuant to CPLR article 78, (1) to annul respondents' determination awarding a computer system contract to a bidder other than petitioner, and (2) to award said contract to petitioner. In 1977, the New York State Higher Education Services Corporation (HESC) required a computer system to assist it in administering the State's Guaranteed Student Loan Program and Tuition Assistance Program, involving the processing of over 400,000 loan applications for more than $250 million and the monitoring of repayment of over 450,000 student loans. Because of the urgency of its need, HESC sought and obtained permission from the State Bureau of the Budget to lease such a system for a period of a year on a noncompetitive basis, and it thereafter entered into such a lease with petitioner. Permission by the Bureau of the Budget was conditioned, however, on HESC redesigning its system and issuing a request for proposals (RFP) for that system by December, 1980. In accordance with that commitment, and because of the expanded demands upon HESC's

computer system,[*] a detailed RFP of 62 pages plus appendices and exhibits was issued in October, 1980. The RFP was designed to upgrade, modernize and otherwise improve the efficiency and capacity of the system then in use. It requested that proposals include actual computer hardware, software for data processing and storing information, training of HESC personnel and ongoing vendor support services. There were various mandatory requirements in the RFP, including the so-called "bench mark", which required each vendor to demonstrate that its proposed system was capable of performing a prescribed task in three quarters of the time required by HESC's current system. The RFP further instructed that the proposals would be evaluated in five phases. The final selection (Phase No. 5) would be based upon a weighted statistical comparison of Phases Nos. 2, 3 and 4, which cumulatively included comparative analysis of all items in the proposal, a customer demonstration visit and the bench mark demonstration. The weighted system to be applied in Phase No. 5 was not set forth in the RFP and indeed was not formulated until after all proposals were submitted. Committees of experts were set up to formulate criteria of the Phase No. 5 rating system and to make the actual evaluations, and ultimately, 29 separate characteristics were employed in the evaluations. As a result of the Phase No. 5 process, respondent Honeywell, Inc. (Honeywell), received the highest cumulative rating among the four computer companies who submitted proposals. Petitioner was rated last overall; although its proposal was lowest in cost, it was evaluated poorest in performance and vendor support. HESC recommended to the Comptroller that Honeywell be awarded the contract. Petitioner then brought the instant proceeding to enjoin the award of the contract to Honeywell and to direct that the award be made to it. Petitioner claimed that because it had satisfied all of the mandatory requirements of the RFP, particularly in performing the bench mark task in the stipulated three quarters of the time of the present system's performance, and because its proposal was the lowest bid submitted, the award of the contract to Honeywell violated section 174 of the State Finance Law and was otherwise arbitrary and capricious. Special Term rejected petitioner's claim and dismissed the petition. This appeal followed. We agree with Special Term's determination that section 174 of the State Finance Law does not apply because the subject matter of the contract falls within the long-standing exception to the competitive-bidding requirements of State law in that it calls for services whose proper performance requires scientific knowledge or professional skills (*People ex rel. Smith v Flagg,* 17 NY2d 584, 587; *Matter of Doyle Alarm Co. v Reville,* 65 AD2d 916; *American Totalisator Co. v Western Regional Off-Track Betting Corp.,* 44 AD2d 750, 751; *Hurd v Erie County,* 34 AD2d 289). Both the RFP and the undisputed facts contained in the record establish that, rather than a group of physical articles of electronic hardware, HESC primarily was seeking the design of a computer system which would provide prompt, efficient, cost-effective computer services to satisfy its growing and increasingly complex needs for the next five years. Such a design required the employment of the highest skills in the field of computer science. Vendors were allowed considerable discretion in the RFP in proposing the hardware and software components of the system, and they were also encouraged by HESC officials to be innovative and flexible in meeting the required specifications in their design proposals. The instant case is indistinguishable from *Matter of Doyle Alarm Co. (supra)* and *American Totalisator Co. (supra).* In those cases, just as here, the vendor was required to furnish physical components of the system. However, the State's competitive bidding laws were held not to apply because of the "inextricable integration of scientific and technical

---

[*] The number of student loans had increased to 385,000, and the number of total student recipients had increased to 900,000.

skills" required with such physical components (*American Totalisator Co. v Western Regional Off-Track Betting Corp.*, 44 AD2d 750, 751, *supra*). We note that the instant case is also consistent with the holding of the New Jersey Supreme Court in *Autotote, Ltd. v New Jersey Sports & Exposition Auth.* (85 NJ 363). Nor was the award of the contract to Honeywell otherwise arbitrary or capricious. In this respect, petitioner places undue reliance upon its performance of the bench mark demonstration in the time stipulated under the RFP. Certainly, on the basis of the entire RFP and other instructions from HESC officials, petitioner should have known that relative speed of operations of the various proposed systems was a major factor to be considered in making the final award. It was also expressly stated that the bench mark demonstration was to be separately evaluated in the final Phase No. 5 process. Thus, petitioner could not have reasonably interpreted the reference in the RFP to the stipulated time of performance of the bench mark as anything but a *minimally* acceptable performance. It was, therefore, not unreasonable for HESC to take into account Honeywell's superior performance of the bench mark in awarding the contract. HESC's comprehensive evaluation report amply establishes the rational basis upon which its award was made and, indeed, demonstrates that it acted consistently with the philosophy of section 174 of the State Finance Law in basing its determination on objective criteria for selecting a contractor on the basis of responsibility, quality and cost efficiency. For all of the foregoing reasons, Special Term's dismissal of the petition should be affirmed. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.