■ PAUL R. SUTTON et al., Respondents, v YATES COUNTY et al., Appellants. [598 NYS2d 646] —Judgment unanimously affirmed without costs. Memorandum: We reject respondents' contention that this CPLR article 78 proceeding, brought to challenge the SEQRA determination regarding the proposed construction of a public airport, was time-barred. The four-month Statute of Limitations contained in CPLR 217 applies to proceedings challenging an agency's SEQRA determinations *(Matter of Villella v Department of Transp.,* 142 AD2d 46, 48, *lv denied* 74 NY2d 602). "[S]ince SEQRA determinations are often preliminary steps in a projects decision-making process, the Statute of Limitations begins to run only when that decision-making process is completed, i.e., when the determination is 'final and binding' " *(Matter of Wing v Coyne,* 129 AD2d 213, 216). An administrative determination becomes final and binding within the meaning of CPLR 217 when it has an impact on the aggrieved petitioners *(Matter of Wing v Coyne, supra,* at 216).

Respondents argue that resolution Number 109-91, adopted by the Yates County Legislature on March 23, 1991, triggered the running of the Statute of Limitations. We disagree. Resolution Number 109-91 provided that, upon the receipt of a "Finding of No Significant Impact", the chairman of the county legislature could enter into an agreement with a company "to proceed with the land acquisition phase of the airport expansion project as provided in the airport master plan". The resolution was thus contingent upon a "Finding of No Significant Impact" and did not indicate that the decision making process regarding the project was complete. We find therefore that the resolution did not trigger the running of the Statute of Limitations. Similarly, the letters dated May 17, 1991 and September 18, 1991 did not trigger the running of the Statute of Limitations. Those letters apprised landowners that the county would be acquiring a property interest in all or a portion of their property and informed each owner of the appraised value of their land. The letters did not indicate that the decision making process regarding the project was completed. Additionally, there was ambiguity about any impact on petitioners because the chairman of the Yates County Legislature had informed them that the county would not condemn their property. Any ambiguity about when the statutory period began to run must be resolved against the public body *(see, Treadway v Town Bd.,* 163 AD2d 637; *Matter of Fischer v Roche,* 81 AD2d 541, *affd* 54 NY2d 962). We con-

clude that the proceeding was not time-barred and that the court properly refused to dismiss the petition. (Appeal from Judgment of Supreme Court, Yates County, Marks, J.—Article 78.) Present—Pine, J. P., Balio, Lawton, Fallon and Davis, JJ.