■ CHEMICAL BANK, Plaintiff, v STANLEY STAHL et al., Defendants. STANLEY STAHL, Appellant-Respondent, v CHEMICAL BANK, Respondent-Appellant. [637 NYS2d 65] —Order, Supreme Court, New York County (William Davis, J.), entered June 13, 1995, which, in Action B, *inter alia*, granted defendant's motion to dismiss plaintiff's claim for damages relating to defendant's failure to remove its Atrium as well as its refusal to comply with certain alleged repair and restoration obligations attendant thereto upon expiration of certain leases,

and denied defendant's motion to dismiss plaintiff's claims with respect to defendant's obligation to remove allegedly defective hybrid fireproofing assembly and to abate asbestos, unanimously affirmed, without costs.

The motion court properly held that plaintiff's claims concerning the Atrium were precluded by the relevant provisions of the leases and related documents. The specific provisions that defendant had no obligation to remove the Atrium were controlling over any inconsistent general provisions regarding compliance with, *e.g.*, zoning regulations (*see, Muzak Corp. v Hotel Taft Corp.*, 1 NY2d 42, 46).

The IAS Court also properly denied defendant's motion to dismiss the claims relating to the hybrid fireproofing and asbestos abatement, as the leases specifically contemplated defendant's removal and restoration obligations, and plaintiff specifically alleged that such action resulted in removal of some of its previously installed hybrid fireproofing and disturbance of the asbestos underneath which rendered the premises unsafe (*compare, Wolf v 2539 Realty Assocs.*, 161 AD2d 11 [attempt to shift burden of asbestos removal to tenant rejected where no allegation that the asbestos fireproofing had been rendered ineffective by the tenant's actions]). Nor did the court err in failing to recognize defendant's contention that the claims relating to the fireproofing were time-barred pursuant to CPLR 213, as no proof was offered regarding the specific point in time when the building was rendered out of compliance with fire regulations (*see, Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402). Concur—Sullivan, J. P., Wallach, Rubin, Kupferman and Mazzarelli, JJ.