■ In the Matter of H. KENNETH FAWCETT et al., Appellants, v CITY OF BUFFALO et al., Respondents. [713 NYS2d 610] —Judgment unanimously affirmed without costs. Memorandum: Petitioners, a licensed master plumber and his firm, commenced this CPLR article 78 proceeding against multiple respondents, including the City of Buffalo (City) and its Water Board and Municipal Water Finance Authority, alleging that respondents violated General Municipal Law § 103, the competitive bidding statute, and other statutes and ordinances. Petitioners alleged that a contract awarded by the Water Board to respondent American Anglian Environmental Technologies, L.P. (AAET) should have been competitively bid because the contract was a "public works" contract for installation of water meters on properties throughout the City. Petitioners also alleged that AAET is not qualified by law to do plumbing work itself or to manage or employ nonlicensed individuals engaged in such work. Petitioners appeal from a judgment granting the motions of the City respondents and AAET to dismiss the peti-

tion on various grounds, including failure to state a cause of action and the Statute of Limitations.

Supreme Court properly determined that the petition fails to state a cause of action. The contract and surrounding circumstances establish that AAET is not engaged in plumbing work without a license. Rather, AAET contractually assumed the responsibility for managing the municipal water system, including managing the "union employees", i.e., those workers who are actually employed in civil service classifications by the City itself and who work in the City's Division of Water under the direct supervision of the City's Commissioner of Public Works. Nor is there any merit to petitioners' alternative contention that, no matter who employs those workers engaged in installing water meters, the work necessarily involves plumbing work that may be done only by licensed plumbers. Petitioners cite various State and municipal laws regulating the business, occupation or trade of plumbing, but nothing in those laws prohibits the City from directly employing workers for the purpose of carrying out its municipal responsibilities.

Similarly, there is no merit to petitioners' contention that the August 19, 1997 management agreement between the Water Board and AAET must be set aside as violative of the competitive bidding requirements of General Municipal Law § 103. There is an exception to competitive bidding requirements for contracts for services requiring specialized skills or training, including professional services or other services requiring technical expertise (*see, Matter of Burroughs Corp. v New York State Higher Educ. Servs. Corp.,* 91 AD2d 1078, 1079-1080, *lv denied* 58 NY2d 609; *Matter of Amherst Columbia Ambulance Serv. v Gross,* 80 AD2d 719, 720; *Matter of Doyle Alarm Co. v Reville,* 65 AD2d 916). That principle has been applied to contracts for the provision of management services (*see, Hurd v Erie County,* 34 AD2d 289, 292-294; *cf., Matter of Schulz v Warren County Bd. of Supervisors,* 179 AD2d 118, 123, *lv denied* 80 NY2d 754).

In any event, the court properly determined that the proceeding was not commenced within four months after the determination to be reviewed became final and binding (*see, Sutton v Yates County,* 193 AD2d 1126, *lv denied* 82 NY2d 656; *Nickerson v City of Jamestown,* 178 AD2d 1003; *see also,* CPLR 7801 [1]). A determination is final and binding when it " 'has its impact' " on a petitioner who is thereby aggrieved (*Matter of Edmead v McGuire,* 67 NY2d 714, 716, quoting *Mundy v Nassau County Civ. Serv. Commn.,* 44 NY2d 352, 357). Here, the administrative determination became final and binding upon petitioners no later than September 1, 1997, when the management contract went into effect between the Water Board and

AAET, but the proceeding was not commenced until January 1999. Contrary to petitioners' contention, there is no basis for determining the timeliness of the proceeding, or for postponing its accrual, based on the date on which petitioners' attorney received the City Corporation Counsel's "legal opinion" concerning the propriety of the determination at issue. (Appeals from Judgment of Supreme Court, Erie County, Whelan, J.—CPLR art 78.) Present—Pigott, Jr., P. J., Pine, Wisner, Kehoe and Balio, JJ.