OPINION OF THE COURT
Per Curiam.
Order entered March 7, 2000 reversed, with $10 costs, tenant’s motion for the return of his security deposit is granted, and the matter is remanded for an assessment of the reasonable attorneys’ fees incurred by tenant.
Appeal from order entered December 23, 1999 dismissed, without costs, as moot.
By a comprehensive stipulation “so-ordered” by the court on March 10, 1999, as modified on March 25, the commercial tenant consented to a possessory judgment and agreed to vacate the premises by June 30, 1999, time being of the essence. Landlord agreed to return tenant’s security deposit “after he vacates the premises,” which were to be left in “as is” and “broom clean” condition. The parties further agreed, at paragraph 18 of the stipulation, to “waive and release any and all claims each has against the other relating to the respondent’s occupancy of the subject premises from the beginning of time to the date of this stipulation except for the obligations set forth herein.”
It is undisputed that tenant timely vacated. However, landlord refused to return the security deposit based upon the existence of certain miscellaneous construction violations placed against the premises which, it alleged, would cause it to incur fines and renovation costs. After a hearing, Civil Court denied tenant’s application for return of the deposit, finding that landlord’s damages substantially exceeded the amount of the deposit.
Reasonably construing the stipulation of settlement in accordance with contract principles and the parties’ intent (see, Sharp v Stavisky, 221 AD2d 216), we conclude that tenant was entitled to the return of the security deposit upon his timely vacatur. There was no reservation of rights with respect to the condition of the premises vis-a-vis return of the deposit, either in the specific clause providing for its return or in the general release language above quoted. A reading of the stipulation as a whole makes clear that return of the deposit was linked only to tenant’s vacating by the stipulated date. Moreover, having agreed to accept surrender of the premises “as is” and released *860 all claims relating to the tenant’s occupancy, landlord may not now set off its alleged restoration expenses against the security deposit it agreed to unconditionally return (see, Chemical Bank v Stahl, NYLJ, June 28, 1995, at 25, col 6 [Sup Ct, NY County], affd 223 AD2d 460). We would additionally note that the violations in question were placed in August and September 1998, or well prior to execution of the stipulation in March 1999. Even assuming that landlord did not have actual or constructive notice of the violations or the conditions which gave rise to them, the release is nevertheless enforceable in the absence of fraud or other good cause (Mergler v Crystal Props. Assocs., 179 AD2d 177).
In accordance with paragraph 10 of the stipulation, we have remanded for an assessment of the reasonable attorneys’ fees incurred by tenant.
Parness, P. J., Gangel-Jacob and Suarez, JJ., concur.