■ SPORTSCHANNEL ASSOCIATES, Appellant, v STERLING METS, L.P., Respondent. [807 NYS2d 61]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered April 11, 2005, which, inter alia, granted defendant's motion to dismiss the second and third causes of action (denominated counts II and III) of the complaint pursuant to CPLR 3211 (a) (1) and (7), and order, same court and Justice, entered August 18, 2005, which denied plaintiff's motion for summary judgment, granted defendant's motion for summary judgment and dismissed the remaining causes of action in the complaint, unanimously affirmed, with costs.

The motion court properly dismissed the third cause of action, which alleges that the Mets breached section 13.1.1 of the license agreement by negotiating with third parties for the Pay TV rights to certain Mets games. When read in the context of the entire agreement, section 13.1.1 was immediately terminated when defendant delivered the termination notice and paid plaintiff more than $54 million on May 27, 2004. Plaintiff's interpretation—that section 13.1.1 did not terminate until November 1, 2005—would "produce a result that is absurd, commercially unreasonable [and] contrary to the reasonable expectations of the parties" (*Matter of Lipper Holdings v Trident Holdings*, 1 AD3d 170, 171 [2003] [citations omitted]).

As to the grant of summary judgment on the first cause of action, the motion court properly implied a temporal limitation to the term "Mets Games" in section 2.4. Moreover, to the extent that section 2.4 conflicts with sections 7.4 and 13.1, the latter sections govern because they are more specific (*see Chemical Bank v Stahl*, 223 AD2d 460, 461 [1996]), newer (*see Jacob Gold Realty v Sckoczylas*, 186 Misc 2d 612, 613 [2000]), and specifically negotiated in 1996 (*see Trans Pac. Leasing Corp. v Aero Micronesia, Inc.*, 26 F Supp 2d 698, 709 [SD NY 1998]). Further, since plaintiff did not controvert defendant's assertion

that the 1982 agreement was predominantly drafted by plaintiff and controlled the 1996 agreement, any ambiguities in the agreements must be interpreted against plaintiff (*see Chatterjee Fund Mgt. v Dimensional Media Assoc.*, 260 AD2d 159, 159 [1999]).

"Facts appearing in the movant's papers which the opposing party does not controvert, may be deemed to be admitted" (*Kuehne & Nagel v Baiden*, 36 NY2d 539, 544 [1975]). Defendant's undisputed evidence of the parties' negotiations showed that the parties did not intend section 2.4 to restrict defendant's right to walk away "free and clear" if it exercised its early termination right under section 7.4 and paid plaintiff $54 million.

We have considered plaintiff's arguments about section 8.3 of the agreement (the second cause of action in the complaint) and find them unavailing. Concur—Andrias, J.P., Saxe, Friedman, Nardelli and Malone, JJ. [*See* 8 Misc 3d 1027(A), 2005 NY Slip Op 51303(U) (2005).]