■ McNAMEE CONSTRUCTION CORP., Plaintiff, v CITY OF NEW ROCHELLE, Defendant and Third-Party Plaintiff-Respondent. DESMAN ASSOCIATES et al., Third-Party Defendants-Appellants. [817 NYS2d 295]—

In an action, inter alia, to recover damages for breach of contract, the defendants third-party defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered April 19, 2005, as denied their motion to dismiss the third-party complaint pursuant to CPLR 3211 (a) (7) and 3212.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, the motion is granted, and the third-party complaint is dismissed.

The Supreme Court correctly treated the defendants third-party defendants' (hereinafter the third-party defendants) pre-answer motion as a motion for summary judgment. The proof submitted by the third-party defendants on their motion and the proof submitted by the defendant third-party plaintiff (hereinafter the third-party plaintiff) on its cross-motion laid bare their proof and demonstrated that the parties were charting a summary judgment course (*see Jamison v Jamison*, 18 AD3d 710 [2005]; *Four Seasons Hotels v Vinnik*, 127 AD2d 310, 321 [1987]).

The third-party complaint does not contain a cause of action seeking damages for any alleged breach of the third-party defendant's obligation to procure insurance, but rather, inter alia, seeks contractual indemnification. The Supreme Court erred in determining that questions of fact existed as to whether the parties intended their 2001 contract to include indemnity obligations, such as those actually agreed upon in an earlier 1998 contract. The 2001 contract contained a merger clause stating that it represented the entirety of the parties' agreement, and incorporating by reference certain "revision" documents generated between April 27, 2001, and September 21, 2001. Those documents, in turn, which are part of the parties' 2001 contract, provided, inter alia, that the third-party defendants would be required to maintain insurance as required by the third-party plaintiff. However, the revision documents, as relevant here, speak to insurance only and are silent as to the issue of contractual indemnification, which is a legally-distinct concept (*see e.g. Kinney v Lisk Co.*, 76 NY2d 215, 218 [1990]). Accordingly, the 2001 contract and the revision documents incorporated by reference do not confer upon the third-party plaintiff any right to contractual indemnification, and do not include any ambiguous language that could permit consideration of parol evidence as to contractual indemnity (*see W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]; *DiLorenzo v Estate Motors, Inc.*, 22 AD3d 630, 631 [2005]). The Supreme Court therefore should not have considered the terms of the parties' 1998 contract as parol evidence in finding indemnity-related questions of fact, as the merger clause contained in their 2001 contract barred evidence outside of the four corners of the 2001 contract and its incorporated revisions (*see Matter of Primex Intl. Corp. v Wal-Mart Stores*, 89 NY2d 594, 599 [1997]).

The Supreme Court also erred in failing to dismiss the third-party plaintiff's claim for contribution/common law indemnification, as the third-party plaintiff failed to address or controvert the third-party defendants' arguments in this regard (*see*

*Kuehne & Nagel v Baiden*, 36 NY2d 539, 544 [1975]; *Sports-Channel Assoc. v Sterling Mets, L.P.*, 25 AD3d 314 [2006]). In any event, we decline to consider the third-party plaintiff's argument that it is entitled to indemnification from the third-party defendants, in the absence of contractual indemnity, as it has been raised for the first time on appeal and is thus unpreserved for appellate review (*see Gulf Ins. Co. v Kanen*, 13 AD3d 579, 581 [2004]; *DeRise v Kreinik*, 10 AD3d 381, 382 [2004]). Miller, J.P., Spolzino, Lifson and Dillon, JJ., concur.