[901 NE2d 741, 873 NYS2d 248]

In the Matter of OMNI RECYCLING OF WESTBURY, INC., Respondent, v TOWN OF OYSTER BAY et al., Appellants.

Argued November 18, 2008; decided December 16, 2008

### APPEARANCES OF COUNSEL

*Giaimo Associates, LLP*, Kew Gardens (*Joseph O. Giaimo* of counsel), for Giove Company, Inc., appellant.

*Gregory J. Giammalvo, Town Attorney*, Oyster Bay (*Frank M. Scalera* of counsel), for Town of Oyster Bay and another, appellants.

*Anthony E. Core, P.C.*, Westbury (*Anthony E. Core* and *Jacqueline Caputo* of counsel), for respondent.

*Michael E. Kenneally, Jr.*, Albany, for Association of Towns of the State of New York, amicus curiae.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and the petition denied in the entirety.

It has long been recognized that public work contracts that require the exercise of specialized or technical skills, expertise or knowledge are not subject to the sealed, competitive bidding requirements under General Municipal Law § 103* (*see e.g. People v Flagg*, 17 NY 584 [1858]) and may instead be awarded using the request for proposals (RFP) process set forth in General Municipal Law § 104-b. In May 2004, respondent Town of Oyster Bay passed a resolution authorizing the use of section 104-b procedures for the procurement of goods and services not subject to competitive bidding, and the Town's Department of Public Works issued an RFP for "Services for the Recycling of Newspaper, Mixed Paper and Corrugated Cardboard" and "Services for the Recycling of Commingled Glass, Ferrous and Non-Ferrous Metal and Rigid Plastic Containers." Proposals were

---

* General Municipal Law § 103 (1) provides, in part, that "[e]xcept as otherwise expressly provided by an act of the legislature or by a local law adopted prior to September first, nineteen hundred fifty-three, all contracts for public work involving an expenditure of more than twenty thousand dollars and all purchase contracts involving an expenditure of more than ten thousand dollars, shall be awarded . . . to the lowest responsible bidder furnishing the required security after advertisement for sealed bids in the manner provided by this section."

solicited from nine companies, which were eventually narrowed to petitioner Omni Recycling of Westbury, Inc. and respondent Giove Company. The Town obtained independent review of the two submissions by a consultant, conducted a public hearing and awarded the contract to Giove.

Omni then initiated this proceeding, arguing that the Town should have used the competitive bidding process under section 103. We conclude, however, that based on the description of the particular services to be rendered in the RFP, this recycling contract fell within the special skills exception to the "lowest responsible bidder" requirement of section 103 (1) and therefore was properly awarded using an RFP process consistent with the section 104-b procedures adopted by the Town.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order, insofar as appealed from, reversed, etc.