# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1230**

**CA 11-00323**

PRESENT: SCUDDER, P.J., CARNI, LINDLEY, SCONIERS, AND GREEN, JJ.

---

TOWN OF ANGELICA, PLAINTIFF-APPELLANT,

V                                             MEMORANDUM AND ORDER

JOEL S. SMITH, INDIVIDUALLY AND AS PRESIDENT OF
AGGRESSIVE COMPANY, INC., DOING BUSINESS AS
DIVERSIFIED CONTRACTING COMPANY AND
AGGRESSIVE COMPANY, INC., DOING BUSINESS AS
DIVERSIFIED CONTRACTING COMPANY,
DEFENDANTS-RESPONDENTS.

---

HODGSON RUSS LLP, BUFFALO (RYAN K. CUMMINGS OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

PIRRELLO, MISSAL, PERSONTE & FEDER, ROCHESTER (STEVEN E. FEDER OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Allegany County
(Gerald J. Whalen, J.), dated October 6, 2010. The order granted in
part the motion of defendants for partial summary judgment and
rejected the cross motion of plaintiff for partial summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying defendants' motion in its
entirety and reinstating the first, second and third causes of action
and as modified the order is affirmed without costs.

Memorandum: Plaintiff, Town of Angelica (Town), is the owner of
property known as the "Grange Building." In August 2001, the Town
Board accepted a proposal from defendants to perform certain work
related to raising the building and constructing a concrete basement
underneath it and, in November 2001, the Town Supervisor accepted two
proposals from defendants for significant renovation work to the
interior and exterior of the building. In February 2002, however, the
Town Board resolved to terminate defendants from the project.
Defendants filed a lien against the property, and the Town thereafter
commenced this action seeking, inter alia, rescission of the three
purported agreements, vacatur of the lien and recovery of all money
previously paid to defendants. Defendants asserted two counterclaims
alleging that the Town had breached the agreements and that
defendants' lien was valid.

Before any significant discovery was conducted, the Town moved
for partial summary judgment, contending only that the agreements were

void based on violations of General Municipal Law § 103.  In opposition to that motion, defendant Joel S. Smith, individually and as President of Aggressive Company, Inc., doing business as Diversified Contracting Company, submitted an affidavit averring that the competitive bidding requirements of section 103 did not apply because the work performed by defendants was specialized.  When the Town did not submit a reply, Supreme Court (Himelein, J.), deemed Smith's averments to be admitted.  Although the Town filed a notice of appeal from the order denying its motion, it did not perfect the appeal, and the appeal was automatically dismissed pursuant to 22 NYCRR 1000.12 (b).

Following additional discovery, defendants moved for partial summary judgment seeking dismissal of the first through fourth and eighth causes of action, as well as summary judgment on their counterclaim for damages.  The Town opposed the motion and cross-moved for partial summary judgment on the first through fourth causes of action, as well as summary judgment dismissing the counterclaims.  We conclude that Supreme Court (Whalen, J.) erred in granting defendants' motion in part and dismissing the first, second and third causes of action.  We therefore modify the order by denying defendants' motion in its entirety and reinstating those causes of action.

Contrary to defendants' procedural contentions, we have the discretion to address the merits of defendants' motion and the cross motion.  First, although the dismissal of an appeal for want of prosecution generally precludes review of any issues that were, or could have been, raised on the prior appeal (*see generally Bray v Cox*, 38 NY2d 350, 353-354; *Paul Revere Life Ins. Co. v Campagna*, 233 AD2d 954), "an appellate court has the authority to entertain a second appeal in the exercise of its discretion, even where a prior appeal on the same issue has been dismissed for failure to prosecute" (*Faricelli v TSS Seedman's*, 94 NY2d 772, 774; *see Aridas v Caserta*, 41 NY2d 1059, 1061).

Second, we may properly entertain the appeal with respect to the Town's cross motion for summary judgment despite the fact that the Town previously moved for summary judgment.  It is well established that "successive summary judgment motions should be discouraged in the absence of a showing of newly discovered evidence or other sufficient cause" (*Farrell v Okeic*, 303 AD2d 957 [internal quotation marks omitted]; *see Town of Wilson v Town of Newfane*, 192 AD2d 1095).  That rule, however, is discretionary.  "[A] subsequent summary judgment motion may be properly entertained when 'it is substantively valid and [when] the granting of the motion will further the ends of justice while eliminating an unnecessary burden on the resources of the courts' " (*Rose v Horton Med. Ctr.*, 29 AD3d 977, 978).  "In any event, '[a]s an appellate court, we are not precluded from addressing the merits of the [cross] motion' " (*Sexstone v Amato*, 8 AD3d 1116, 1117, *lv denied* 3 NY3d 609; *see Giardina v Lippes*, 77 AD3d 1290, 1291, *lv denied* 16 NY3d 702).

Third, we are not bound by the doctrine of law of the case. Defendants contend that the determination in the prior order, i.e.,

that the Town was deemed to have admitted that defendants' work was specialized, constitutes the law of the case and precludes the Town from challenging the validity of the agreements.  We reject that contention.  "The doctrine of . . . law of the case seeks to prevent relitigation of issues of law that have already been determined at an earlier stage of the proceeding . . . The doctrine applies only to legal determinations that were necessarily resolved on the merits in a prior decision . . . The doctrine may be ignored in extraordinary circumstances such as a change in law or a showing of new evidence" (*Brownrigg v New York City Hous. Auth*., 29 AD3d 721, 722).  Furthermore, "this Court is not bound by the doctrine of law of the case because that doctrine 'does not prohibit appellate review of a subordinate court's order' " (*Matter of Jonathan M.*, 61 AD3d 1374, 1375; *see Martin v City of Cohoes*, 37 NY2d 162, 165, *rearg denied* 37 NY2d 817; *Hampton Val. Farms, Inc. v Flower & Medalie*, 40 AD3d 699).

We conclude that the court (Himelein, J.) erred in deeming Smith's averments to be admitted.  The failure of a movant to submit a reply to opposition papers should not be deemed an admission because, at that point, the movant no longer has any burden.  On a summary judgment motion, the movant has the initial burden of establishing its entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Once that initial burden has been met, the opposing party has the burden of establishing "facts sufficient to require a trial of any issue of fact" (CPLR 3212 [b]; *see generally Zuckerman*, 49 NY2d at 562).  In the event that the opposing party fails to submit evidentiary facts to controvert the facts set forth in the movant's papers, the facts in those papers may be deemed admitted and summary judgment granted inasmuch as no triable issue of fact exists (*see Kuehne & Nagel v Baiden*, 36 NY2d 539, 544; *see e.g. Matter of Johnsen v ACP Distrib., Inc.*, 31 AD3d 172, 179; *SportsChannel Assoc. v Sterling Mets, L.P.*, 25 AD3d 314).  In the absence of a cross motion, there is no burden on the movant to submit a reply, and thus the court should not deem facts raised in opposition to a motion for summary judgment to be admitted.  In any event, the Town submitted newly discovered evidence permitting reconsideration of the prior determination denying its motion (*see Farrell*, 303 AD2d 957).

Having dispensed with the procedural contentions, we agree with the Town that the court (Whalen, J.) erred in granting defendants' motion in part and dismissing the first, second and third causes of action.

With respect to the first cause of action, the Town alleged that the agreements violated Town Law § 64 (6).  That statute requires that "a formal resolution be passed by the Town Board and executed by the Town Supervisor in the name of the Town before a Town can be bound by any contract" (*Verifacts Group v Town of Babylon*, 267 AD2d 379; *see Parone v Rivers*, 84 AD2d 686).  The minutes from the Town Board meetings establish that the Town Board voted unanimously to approve the first agreement but that there was no formal resolution to that effect.  Defendants contend that the latter two agreements were merely change orders that did not require additional authorization.  We

reject that contention.  Those two agreements involved substantially more extensive work and so varied from the original agreement that they could be considered new undertakings (*see Albert Elia Bldg. Co. v New York State Urban Dev. Corp.*, 54 AD2d 337, 342-343; *see generally Del Balso Constr. Corp. v City of New York*, 278 NY 154, 159-160).  In any event, we conclude that there are triable issues of fact whether the Town Board ratified the latter two agreements (*see Vermeule v City of Corning*, 186 App Div 206, 208-209, *affd* 230 NY 585; *Town of N. Hempstead v Winston & Strawn, LLP*, 28 AD3d 746, 748, *lv denied* 7 NY3d 715; *see also Imburgia v City of New Rochelle*, 223 AD2d 44, 48, *lv denied* 88 NY2d 815; *cf. Seif v City of Long Beach*, 286 NY 382, 387-388, *rearg denied* 287 NY 836).

With respect to the second cause of action, the Town alleged that the agreements violated General Municipal Law § 103.  We agree with the Town that there are triable issues of fact whether that statute applies to the agreements.  It is undisputed that the Town did not comply with the requirements of section 103, and "[m]unicipal contracts awarded without resort to competitive bidding, other than those exempted from such requirement pursuant to General Municipal Law § 103, are void and unenforceable" (*JLJ Recycling Contrs. Corp. v Town of Babylon*, 302 AD2d 430, 431).  In support of their motion, defendants submitted evidence that their services were unique and thus that the agreements were exempt from the requirements of section 103 (*see Matter of Omni Recycling of Westbury, Inc. v Town of Oyster Bay*, 11 NY3d 868, 869; *Zack Assoc., Inc. v Setauket Fire Dist.*, 12 AD3d 439; *Matter of Fawcett v City of Buffalo*, 275 AD2d 954, 955, *lv denied* 96 NY2d 701).  In opposition to defendants' motion, however, the Town raised a triable issue of fact whether defendants' services were unique by submitting evidence that other construction companies could have performed the same services provided by defendants.

With respect to the third cause of action, the Town sought a declaration that the agreements were void ab initio as a matter of law.  Because there are triable issues of fact concerning the validity of the agreements, we conclude that the court (Whalen, J.) also erred in granting defendants' motion concerning that cause of action.

Entered:  November 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court